# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA BOGIE, | CASE NO. 1:20-CV-0044 AWI JLT |
| Plaintiff | |
| v. | **ORDER FOR PARTIES TO SUBMIT STATUS REPORT** |
| ETHICON, INC., et al., | |
| Defendants | |
| | |
| JOANNA THOMPSON, | CASE NO. 1:20-CV-0129 AWI JLT |
| Plaintiffs | |
| v. | |
| ETHICON, INC., et al., | |
| Defendants | |
| | |
| JANEEN SMITH, et al., | CASE NO. 1:20-CV-0130 AWI JLT |
| Plaintiffs | |
| v. | |
| ETHICON, INC., et al., | |
| Defendants | |
| | |
| ROSEMARY LOPEZ, | CASE NO. 1:20-CV-0354 AWI JLT |
| Plaintiff | |
| v. | |
| ETHICON, INC., et al., | |
| Defendants | |

| | |
|---|---|
| **FRANCES JENS, et al,** | **CASE NO. 1:20-CV-0357 AWI JLT** |
| **Plaintiffs** | |
| **v.** | |
| **ETHICON, INC., et al,** | |
| **Defendants** | |
| | |
| **CYNTHIA CLOSE, et al.,** | **CASE NO. 2:19-CV-2237 AWI JLT** |
| **Plaintiffs** | |
| **v.** | |
| **ETHICON, INC., et al.,** | |
| **Defendants,** | |

On April 1, 2020, the Court related and reassigned the above cases. A review of the docket for the above cases raises a number of questions. To resolve those questions, the Court will order the parties to submit a status report for each case. The status reports shall be filed jointly. To the extent that the parties disagree on a matter, the status reports shall note that a disagreement exists and have separate sections that describe each side's position. Otherwise, if no disagreement is expressly noted, the Court will assume that a representation is being made jointly on behalf of all parties. Once the status reports are received, the Court will set a date for a telephonic status conference. At the telephonic status conference, the Court will utilize the status reports and discuss how to proceed with these cases, including resolving any outstanding motions, possible discovery issues, and possible pre-trial conference, trial, or settlement conference settings.

As part of the status report for each of the above cases, the parties shall address the following matters:

1. Identify any outstanding motion that requires resolution by this Court;

2

2. To the extent that a motion is outstanding, and to the extent that the parties agree that a motion should be granted, the parties should file a stipulation to grant that motion (again to the extent that the parties agree);[1]

3. Identify any discovery issues that remain, including the need for any additional discovery;

4. Identify any motions that may need to be filed (apart from motions in limine);

5. Identify any relevant motions, including *Daubert* related motions, that were resolved by the MDL court prior to transfer;

6. Identify every cause of action that the Plaintiff will be pursuing in this Court;

7. Identify every affirmative defense that the Defendants will be pursuing in this Court;

8. Discuss whether the parties intend to request a settlement conference with a Magistrate Judge or a private mediator;

9. Discuss procedures for resolving the above cases through trial and provide estimates for the length of time that each trial may last;

10. Discuss the possibility of consolidating any of the above cases for trial; see, e.g., Blount v. Boston Sci. Corp., 2019 U.S. Dist. LEXIS 142360 (E.D. Cal. Aug. 21, 2019);

11. Provide a best estimate as to the number and timing of any additional cases that might be transferred from MDL 2327 back to the Eastern District of California (both the Fresno and Sacramento Divisions);

12. Any other matter that the parties believe is relevant to the efficient resolution of the above cases; and

13. Provide several dates in which the parties will be available for a telephonic status conference.

---

[1] For example, the Court has seen motions for summary judgment/partial summary judgment that were filed by Defendants. The Plaintiff's opposition for some of these motions essentially amounts to a notice of non-opposition. In such instances, it seems that the parties should be able to file a stipulation for entry of partial summary judgment.

As the parties are well aware, both this Court and the general public have been affected by restrictions put in place to combat the spread of, and harm from, COVID-19. These restrictions directly impact the ability of the Court to resolve matters through jury trials. The parties should familiarize themselves with all general orders from the Eastern District of California regarding COVID-19. To date, that includes Eastern District of California General Order Nos. 610, 611, 612, 613, and 614.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. No later than twenty-one (21) days from service of this order, the parties shall file joint status reports in each of the above cases, consistent with this order;[2] and

2. Any scheduling conference that may have been set in any of the above cases is VACATED.

IT IS SO ORDERED.

Dated: April 2, 2020

SENIOR DISTRICT JUDGE

---

[2] If the parties need additional time to file status reports, they may file a stipulation for additional time.