UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA BOGIE, <br><br> Plaintiff, <br><br> v. <br><br> ETHICON, INC., et al., <br><br> Defendants. | Case No.: 1:20-cv-00044-AWI-JLT <br><br> ORDER GRANTING MOTION TO SUBSTITUTE TRUDY HART AS SUCCESSOR IN INTEREST TO PLAINTIFF WANDA BOGIE <br><br> (Doc. 74) |

Due to the recent death of Wanda Bogie, Trudy Hart seeks to substitute as the successor in interest to the decedent. (Doc. 74.) On June 19, 2020, Defendants filed a statement of non-opposition to Plaintiff's motion to substitute. (Doc. 77.) The Court has reviewed the motion and supporting documents and finds the matter suitable for decision without oral argument. Accordingly, the matter is taken under submission pursuant to Local Rule 230(g). Because Plaintiff presents evidence that Trudy Hart is the successor in interest of Wanda Bogie, Plaintiff's motion is **GRANTED**.

**I.     Background**

Plaintiff Wanda Bogie commenced this pelvic mesh products liability action on April 23, 2013. (Doc. 1.) Plaintiff describes this action as a products liability personal injury action regarding an Ethicon Gynemesh PS pelvic mesh device that was surgically implanted in Plaintiff Wanda Bogie on July 25, 2005 for pelvic floor repair. (Doc. 76 at 4.) According to Plaintiff, following her implant surgery, Ms. Bogie developed many complications as a result of the implantation of Ethicon's

1

defective Gynemesh PS mesh device. (Id.) Plaintiff reports that Ms. Bogie suffered from pain, erosion, infection, urinary problems, and bowel problems as a result of injuries from the defects in the Gynemesh PS pelvic mesh device. (Id.) Plaintiff also reports that Ms. Bogie suffered injuries that were severe, grievous and permanent. (Id.)

At the time this action was filed, Plaintiff Wanda Bogie was still living. (See id.) Wanda Bogie passed away on September 16, 2018. (See id.; Doc. 74-1.) A Suggestion of Death was filed and served on the parties and counsel of record on March 12, 2020. (See Doc. 74-2.) A Suggestion of Death was served on Trudy Hart on March 23, 2020. (See Doc. 74-3.)

On June 10, 2020, Plaintiff filed a motion to substitute party and memorandum of law in support of the motion. (Docs. 74-76.) Defendants filed a statement of non-opposition to the motion on June 19, 2020. (Doc. 77.)

## II.     Legal Standard

Rule 25(a)(1) governs the issue of substitution, and provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).  "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." Gilmore v. Lockard, 2020 U.S. Dist. LEXIS 107209, at *3 (E.D. Cal. June 18, 2020) (quoting Veliz v. Cintas Corp., 2008 U.S. Dist. LEXIS 79833 (N.D. Cal. July 17, 2008)).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).  "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." In re Baycol Prods. Litig., 616 F.3d 778, 789 (8th Cir. 2010).

## III.    Discussion and Analysis

### A.    The motion is filed timely

Wanda Bogie died on September 16, 2018. (See Doc. 76 at 4; Doc. 74-1.) A Suggestion of

Death was filed and served on the parties and counsel of record on March 12, 2020. (See Doc. 74-2.) A Suggestion of Death was served on Trudy Hart on March 23, 2020. (See Doc. 74-3.) On June 10, 2020, Plaintiff filed a motion to substitute party and memorandum of law in support of the motion. (Docs. 74-76.) The motion at issue was filed within 90 days after service of the Suggestion of Death noting Wanda Bogie's death and it is, therefore, timely.

### B. The claims are not extinguished

Under California law, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period. See Cal. Civ. Pro. Code §377.20 - §377.22. Consequently, the Court finds that the claims of Wanda Bogie were not extinguished upon her death.

### C. Designation of a "proper party"

Rule 25(a)(1) requires evidence that Trudy Hart is a successor in interest or legal representative of Wanda Bogie. See Hilao, 103 F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate). The Ninth Circuit explained: "It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." Mallonee v. Fahey, 200 F.2d 918, 919 (9th Cir. 1952) (footnote omitted).

Plaintiff reports that Trudy Hart is a successor in interest to Wanda Bogie and succeeds to the decedent's interest in the action or proceeding. (Doc. 76 at 6; Doc. 74-4.) Additionally, Plaintiff reports that no proceeding is now pending in California for the administration of Wanda Bogie's estate. (See id.) According to Plaintiff, no other person has a superior right to commence the action or proceeding or to be substituted for Wanda Bogie in the pending action or proceeding. (Doc. 76 at 6.) In light of the declaratory evidence presented by Plaintiff, the Court finds Trudy Hart is the proper substituted party.

### IV.     Conclusion and Order

Plaintiff has carried her burden to establish that the requirements of Rule 25(a)(1) are satisfied. Accordingly, the Court **ORDERS**:

    1.     Plaintiff's motion to substitute (Doc. 74) is **GRANTED**; and

    2.    Trudy Hart is **SUBSTITUTED** for Plaintiff Wanda Bogie.

IT IS SO ORDERED.

Dated: **July 8, 2020**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE